**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**CAROL EDITH LEIB,**

      **Plaintiff,**

    **v.**                        **Case No.:  5:24-cv-00693-JA-PRL**

**KEVIN J. MURRAY,**

      **Defendant,**

                                    /

This negligence action arising out of a motor vehicle collision is set for the August 2026 trial term. Defendant has filed an amended motion to strike the report of Plaintiff's expert, Dr. Julianne Frain, and to prevent her from testifying. (Doc. 60).[1] Alternatively, he requests that the Court limit the scope of her testimony. Plaintiff has filed a response in opposition. (Doc. 66).

**I.    Background**

Pursuant to the Court's Case Management and Scheduling Order, Plaintiff's deadline to disclose expert reports was no later than October 1, 2025; Defendant's deadline was October 15, 2025; and rebuttal reports were due by November 3, 2025. (Doc. 11). The discovery deadline was initially set as December 15, 2025, but was subsequently extended until January 8, 2026. (Doc. 30).

According to Plaintiff, he disclosed Dr. Julianne Frain in his October 1, 2025, expert disclosures and stated in relevant part:

> Dr. Frain will opine as a certified life care planner to the medical expenses the Plaintiff is reasonably certain to incur in the future as a result of the injuries

---

[1] Defendant's initial motion to strike expert and expert report (Doc. 59) is **terminated as moot** based on the filing of the amended motion. (Doc. 60).

sustained by the Plaintiff in this motor vehicle crash. This will include the specific modalities, frequency, duration, and cost. His opinions may be based on the Plaintiff's medical records and bills, an examination or interview with the Plaintiff, speaking with the Plaintiff's treating physicians, reviewing applicable billing resources, and his own knowledge, training, and experience as a certified life care planner. Dr. Frain will opine as a certified life care planner to the medical expenses the Plaintiff is reasonably certain to incur in the future as a result of the injuries sustained by the Plaintiff in this motor vehicle crash. This will include the specific modalities, frequency, duration, and cost. His opinions may be based on the Plaintiff's medical records and bills, an examination or interview with the Plaintiff, speaking with the Plaintiff's treating physicians, reviewing applicable billing resources, and his own knowledge, training, and experience as a certified life care planner.

(Doc. 66 at 1-2).

Plaintiff did not provide a copy of Dr. Frain's preliminary report until April 20, 2026. (Doc. 60-1).[2] In her report, Dr. Frain opined that Plaintiff will likely need future care with ENT, potential plastic surgery for her notes, pain management for her neck, back, and left shoulder, and physical/vestibular therapy. Dr. Frain noted that she would update her life care plan once she receives further information from treating providers or medical experts as to the frequency and duration of appropriate care.  On April 20, 2026, the parties submitted their joint pretrial statement listing Dr. Frain as a witness for Plaintiff and noting that she was expected to testify for 30 minutes. (Docs. 54, 56).[3]

According to Plaintiff, he did not become aware that Defendant took issue with Dr. Frain testifying at trial until the instant motion was filed on May 4, 2026.  Plaintiff claims that since the motion was filed, Plaintiff has sent Defendant the finalized report and offered to make Dr. Frain available for deposition as soon as possible.

---

[2] In his response, Plaintiff claims that defense counsel emailed him on April 21, 2026, about Dr. Frain's missing report. (Doc. 66 at 2-3).
[3] Although titled as the parties "Joint Pretrial Statement," both parties separately filed the same document.

## II.     Discussion

Under Rule 26(a)(2)(D), a party must make expert disclosures "at the times and in the sequence that the court orders." The appropriate sanction for a party's failure to comply with Rule 26(a) is governed by Rule 37(c):

> (c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
> (1) *Failure to Disclose or Supplement*. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*. . .

Fed. R. Civ. P. 37(c) (emphasis added).  The Rule provides the Court may impose sanctions in addition to or instead of the above sanction.

Defendant requests that the court strike Plaintiff's untimely disclosure of Dr. Frain's report and prohibit her from testifying (or limit her testimony). The court has broad discretion in deciding whether a failure to disclose evidence is substantially justified or harmless under Rule 37(c)(1). *See Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 593 (11th Cir. 2019); *Dover Shores Shell, Inc. v. Scottsdale Ins. Co.*, No. 6:22-cv-167-PGB-DCI, 2023 WL 2403882, at *3 (M.D. Fla. Mar. 8, 2023). The expert disclosure requirement in Rule 26(a)(2)(B) "is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *OFC Fitel LLC v. Epstein, Becker and Green PC*, 549 F.3d 1344, 1363 (11th Cir. 2008) (quoting *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008)). "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." *Reese*, 527 F.3d at 1266.

"The burden of establishing that a failure to disclose was substantially justified or harmless rests on the non-disclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (citation omitted). "In general, excluding expert testimony is viewed as a 'drastic' sanction requiring careful consideration." *Bendik v. USAA Cas. Ins. Co.*, No. 6:19-cv-118-Orl-41EJK, 2019 WL 9466018, at *2 (M.D. Fla. Oct. 25, 2019) (citations omitted). To that end, "[c]ourts use five factors in deciding whether evidence is substantially justified or harmless. Those factors are: '(1) the unfair prejudice or surprise of the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption of the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence.' " *Lanzi v. Yamaha Motor Corp.*, No. 8:17-cv-2020-T-36AEP, 2019 WL 9553066, at *9 (M.D. Fla. Sept. 26, 2019) (quoting *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250-51 (M.D. Fla. 2012)). !

Weighing these factors, the Court finds that in this case the Rule 26 violation is harmless, and that exclusion is not warranted. Indeed, exclusion is considered a drastic remedy since it can dictate the outcome and preclude a decision on the merits.

Here, Defendant cannot claim that he was surprised by the disclosure of Dr. Frain's report because Dr. Frain was timely disclosed, though admittedly without a written report. As for alleged prejudice, Defendant claims that he was deprived of the ability to timely depose Dr. Frain, retain rebuttal experts, and prepare his defense based on complete expert opinions. While trial is quickly approaching, this alleged prejudice is still curable, and the Court finds that this is the better option since Dr. Frain's testimony is seemingly critical.

According to Plaintiff, Dr. Frain is the only witness expected to offer testimony putting dollar figures on Plaintiff's future care needs.[4]

It is worth noting that defense counsel did not discuss the missing expert report with Plaintiff's counsel during the discovery period, nor did he seek court intervention.  Instead, he apparently simply filed the instant motion, following which Plaintiff's counsel provided Dr. Frain's final report. The Court is not shifting Plaintiff's disclosure obligations to Defendant, but it does appear that this issue could have been resolved much earlier with better communication between the parties.

Accordingly, Defendant's amended motion to strike Plaintiff's expert and report (Doc. 60) is **denied** except that Defendant may depose Dr. Frain on or before **July 1, 2026**. Defendant must disclose any rebuttal expert by **July 8, 2026**, and any deposition of this rebuttal expert must occur by **July 17, 2026.**

**DONE and ORDERED** in Ocala, Florida on June 18, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[4] Plaintiff implies that Defendant may not need to retain a rebuttal expert because he has already retained Dr. Lowell who has rendered opinions on the need for future medical care.